01

02

03

04

05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

06

AT SEATTLE

07 CODY R.,                                    )
                                               )     CASE NO. C20-5626-MAT
08          Plaintiff,                         )
                                               )
09     v.                                      )
                                               )     ORDER RE: SOCIAL SECURITY
10 ANDREW M. SAUL,                             )     DISABILITY APPEAL
   Commissioner of Social Security,            )
11                                             )
            Defendant.                         )
12 _____        )

13          Plaintiff proceeds through counsel in his appeal of a final decision of the

14 Commissioner of the Social Security Administration (Commissioner).  The Commissioner

15 denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before

16 an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the

17 administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

18                      **FACTS AND PROCEDURAL HISTORY**

19          Plaintiff was born on XXXX, 1990.[1]  He did not complete high school and does not

20 have a GED, and previously worked as a fast-food cook.  (AR 316-17.)

21          Plaintiff applied for SSI in July 2017.  (AR 186-91.)  That application was denied and

22 _____
          [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

01  Plaintiff timely requested a hearing.  (AR 115-23, 127-34.)

02      On April 18, 2019, ALJ Steve Lynch held a hearing, taking testimony from Plaintiff

03  and a vocational expert (VE).  (AR 31-52.)  On May 3, 2019, the ALJ issued a decision

04  finding Plaintiff not disabled.  (AR 15-26.)  Plaintiff timely appealed.  The Appeals Council

05  denied Plaintiff's request for review on April 24, 2020 (AR 1-6), making the ALJ's decision

06  the final decision of the Commissioner.  Plaintiff appealed this final decision of the

07  Commissioner to this Court.

08                          **JURISDICTION**

09      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

10  405(g).

11                          **DISCUSSION**

12      The Commissioner follows a five-step sequential evaluation process for determining

13  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

14  must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had

15  not engaged in substantial gainful activity since the application date.  (AR 17.)  At step two, it

16  must be determined whether a claimant suffers from a severe impairment.  The ALJ found

17  severe Plaintiff's rotator cuff tear, marijuana abuse, bipolar disorder, anxiety, posttraumatic

18  stress disorder, and personality disorder.  (AR 17.)  Step three asks whether a claimant's

19  impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments

20  did not meet or equal the criteria of a listed impairment. (AR 17-19.)

21      If a claimant's impairments do not meet or equal a listing, the Commissioner must

22  assess residual functional capacity (RFC) and determine at step four whether the claimant has

01 demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

02 performing medium work with additional limitations: he can occasionally reach overhead

03 with his right arm.  He can frequently handle, finger, and feel bilaterally.  He should avoid

04 concentrated exposure to hazards.  He can follow simple instructions and perform simple

05 tasks.  He can have incidental public contact, and occasional co-worker contact with no team

06 activities.  (AR 19.)

07       Plaintiff has no past relevant work (AR 25), and thus the ALJ moved on to step five,

08 where the burden shifts to the Commissioner to demonstrate that the claimant retains the

09 capacity to make an adjustment to work that exists in significant levels in the national

10 economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to

11 other representative occupations, such as janitor, floor waxer, and laundry worker II.  (AR 25-

12 26.)

13       This Court's review of the ALJ's decision is limited to whether the decision is in

14 accordance with the law and the findings supported by substantial evidence in the record as a

15 whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

16 more than a scintilla, but less than a preponderance; it means such relevant evidence as a

17 reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

18 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

19 supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

20 F.3d 947, 954 (9th Cir. 2002).

21       Plaintiff argues the ALJ erred in finding two examining psychologists' opinions to be

22 unpersuasive.  The Commissioner argues that the ALJ's decision is supported by substantial

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -3

01   evidence and should be affirmed.

02                          Medical opinion evidence

03   Legal standards

04          Because Plaintiff applied for SSI after March 27, 2017, new regulations apply to the

05   ALJ's evaluation of medical opinion evidence.  Under the regulations, an ALJ "will not defer

06   or give any specific evidentiary weight, including controlling weight, to any medical

07   opinion(s) or prior administrative medical finding(s)[.]"   20 C.F.R. §§ 404.1520c(a),

08   416.920c(a).[2]  The ALJ must articulate and explain the persuasiveness of an opinion or prior

09   finding based on "supportability" and "consistency," the two most important factors in the

10   evaluation.  *Id*. at (a), (b)(1)-(2).  The "more relevant the objective medical evidence and

11   supporting explanations presented" and the "more consistent" with evidence from other

12   sources, the more persuasive a medical opinion or prior finding.  *Id*. at (c)(1)-(2).  The ALJ

13   may but is not required to explain how other factors were considered, as appropriate,

14   including relationship with the claimant (length, purpose, and extent of treatment relationship;

15   frequency of examination); whether there is an examining relationship; specialization; and

16   other factors, such as familiarity with other evidence in the claim file or understanding of the

17   Social Security disability program's policies and evidentiary requirements.  *Id*. at (b)(2),

18   (c)(3)-(5).  *But see id*. at (b)(3) (where finding two or more opinions/findings about same

19   issue equally supported and consistent with the record, but not exactly the same, ALJ will

20

21          [2] "A prior administrative medical finding is a finding, other than the ultimate determination
     about [disability], about a medical issue made by our Federal and State agency medical and
22   psychological consultants at a prior level of review . . .  in [a] claim based on their review of the
     evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -4

01    articulate how other factors were considered).   Where a single medical source provides

02    multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how

03    each opinion or finding is considered individually.  *Id*. at (b)(1).

04    Examining psychologists' opinions

05          Peter Weiss, Ph.D., examined Plaintiff in April 2017, after reviewing another

06    examining psychologist's opinion, and completed a DSHS form opinion describing his

07    symptoms and limitations.  (AR 280-84.)  Kathleen Mayers, Ph.D., examined Plaintiff in

08    January 2018, after reviewing Dr. Weiss's opinion and a handful of other records, and wrote a

09    narrative report describing Plaintiff's symptoms and limitations.  (AR 315-21.)

10          The ALJ summarized the opinions of Drs. Weiss and Mayer and explained why he

11    found them unpersuasive:

12          They are one time evaluations and they [are] not entirely consistent with or
          supported by the totality of the evidence.  They seem to be largely based on
13          history and reported symptoms provided by claimant, which as discussed
          above, do not appear to be as limiting as he has alleged based on his activities
14          of daily living and his limited treatment.  They also are not consistent with the
          prior ALJ determination findings, and there is no support in the medical
15          evidence of record [for the proposition that] the claimant's mental functioning
          has lessened or deteriorated since the prior ALJ decision issued.

16

17    (AR 24.)  Plaintiff argues that the ALJ's findings are not supported by substantial evidence.

18          First, Plaintiff argues that the opinions of Drs. Weiss and Mayers are not overly reliant

19    on his self-reporting.  Dkt. 15 at 5-7.  The Court disagrees.  The "clinical findings" of Dr.

20    Weiss's opinion consists entirely of Plaintiff's self-reports (AR 281), and Dr. Mayers's

21    conclusions as to disabling social limitations reference only Plaintiff's self-reported social

22    problems (AR 321).  Dr. Mayers herself observed Plaintiff to be pleasant and responsive, and

01   maintaining good eye contact, and she did not cite any objective clinical basis for the social

02   limitations she described.   (AR 317.)   Because some or all of the disabling limitations

03   identified by the examiners depend largely or entirely on Plaintiff's self-reports, and Plaintiff

04   does not dispute that the ALJ properly discounted his self-reporting, the ALJ reasonably

05   found the examiners' opinions to be less persuasive in light of their reliance on Plaintiff's

06   self-reports.   This is a proper consideration of supportability under 20 C.F.R. § 416.920c.

07   Even under Ninth Circuit authority predating the new regulations, this line of reasoning would

08   be legally sufficient.   *See, e.g.*, *Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014)

09   (ALJ may reject treating provider's opinions if based "to a large extent" on discredited self-

10   reports and not clinical evidence); *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219,

11   1228 (9th Cir. 2009) ("As the ALJ determined that Bray's description of her limitations was

12   not entirely credible, it is reasonable to discount a physician's prescription that was based on

13   those less than credible statements.").

14         Next, Plaintiff argues that the ALJ erred in finding that there was no evidence that

15   Plaintiff's mental condition had deteriorated since the prior ALJ decision, because the

16   examiners' opinions themselves so indicated.   (Dkt. # 15 at 7-8.)   The Commissioner does not

17   explicitly defend this line of reasoning,[3] instead shifting focus to the ALJ's initial finding that

18   the examiners' opinions were inconsistent with the record as a whole.   The Commissioner

19   points to evidence that the ALJ also relied on in discounting Plaintiff's subjective allegations,

20   such as Plaintiff's lack of treatment and his social activities (Dkt. 16 at 6, 8), which is also

21

22         [3] Any error in this line of reasoning is harmless, given that the remainder of the ALJ's assessment of the examiners' opinions is reasonable and supported by substantial evidence, as indicated herein.

01 inconsistent with the examiners' opinions.  This is a proper consideration of consistency

02 under 20 C.F.R. § 416.920c, and again, even under Ninth Circuit authority predating the new

03 regulations, this line of reasoning would be legally sufficient.  *See, e.g.*, *Tommasetti v. Astrue*,

04 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting

05 inconsistencies between the opinion and the medical record).  To the extent that Plaintiff

06 points to evidence that he contends is consistent with the examiners' opinions (Dkt. 17 at 6-9),

07 the Court declines to reweigh the evidence and instead reviews whether the ALJ's decision is

08 supported by substantial evidence.  *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir.

09 1997) ("[T]he key question is not whether there is substantial evidence that could support a

10 finding of disability, but whether there is substantial evidence to support the Commissioner's

11 actual finding that claimant is not disabled.").

12      Because the ALJ's assessment of the examiners' opinions is reasonable and supported

13 by substantial evidence, the Court affirms this portion of the ALJ's decision and rejects

14 Plaintiff's assignment of error.

## **CONCLUSION**

16      For the reasons set forth above, this matter is AFFIRMED.

17      DATED this 21st day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -7